UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:18-CR-78 |
| v. | ) |
| | ) JUDGE VARLAN |
| GEORGE ROBERT EVERHART, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, GEORGE ROBERT EVERHART, and the defendant's attorney, T. Scott Jones, have agreed upon the following:

1. The defendant will plead guilty to Counts Four and Seven of the Superseding Indictment ("Indictment"):

   a) Count Four charges the defendant with knowingly employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which was produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means, including by computer, and attempted to do so, in violation of 18 U.S.C. § 2251(a). The punishment for this offense is a term of imprisonment not less than 15 years nor more than 30 years; fine of up to $250,000; supervised release for not less than five (5) years up to life; any lawful restitution; any lawful asset forfeiture; and $5,100 in special assessments.

   b) Count Seven Charges the defendant with knowingly possessing material which contained an image of child pornography as defined in 18 U.S.C. § 2256(8) that involved a prepubescent minor and minor who had not attained twelve years of age, which had been

transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B). The punishment for this offense is imprisonment for a term not more than twenty (20) years; a fine of up to $250,000; supervised release for five years up to life; any lawful restitution; any lawful asset forfeiture; and $5,100 in special assessments.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in the Indictment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

a) In order to be guilty of using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in interstate and foreign commerce as charged in Count Four, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) that the defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so; (ii) that the individual was a minor at the time; and (iii) that the defendant knew or had reason to know that such visual depiction would be mailed or transported in interstate commerce; or the visual depiction was produced using materials that had been mailed, shipped or transported in or affecting interstate commerce; or that the visual depiction was transported in or affecting interstate commerce.

b) In order to be guilty of possessing child pornography as charged in Count Seven, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) that the defendant knowingly possessed any matter that contained

2

an image of child pornography, as defined in Title 18, United States Code, Section 2256(8); (ii) that such child pornography involved a prepubescent minor or a minor who had not attained 12 years of age; (iii) that such child pornography had been mailed or shipped or transported (using any means or facility of interstate or foreign commerce) or in or affecting interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and (iv) that the defendant knew that such items constituted child pornography.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) On or about May 31, 2017, the defendant used M.R., a minor who had not attained the age of 12 years, to produce a digital video of child pornography with a Samsung cellular phone camera. The video that the defendant produced depicted a close-up view of M.R.'s crotch area while M.R. was sleeping taken from under the covers on M.R.'s bed. The video further depicts the defendant's hand reaching under M.R.'s covers and pulling the crotch of M.R.'s underwear to the side, exposing M.R.'s genitalia. The video then depicts the defendant's finger touching the outside of the M.R.'s genitalia.

b) The Samsung cellular telephone that the defendant used to produce the child pornography video described above had been shipped or transported in and affecting interstate and foreign commerce.

3

c) On May 30, 2018, a federal search warrant was obtained for certain files in the defendant's Google account, including approximately 105 digital photographs and nine digital videos depicting M.R. stored in a folder entitled "Sleep," including the video described above taken on May 31, 2017. These digital photographs and videos generally depict the crotch area of M.R. taken while M.R. was sleeping.

d) Another folder in the defendant's Google account was entitled in a manner corresponding to the name of A.F., another prepubescent minor known to the defendant. In that folder the defendant had saved pornographic images files depicting A.F. bent over, exposing A.F's genitalia to the camera.

e) A forensic examination of the defendant's laptop computer revealed the presence of child pornography, including a pornographic image of A.F, and child pornography depicting other minors.

f) The transfer of the images between the defendant's cellular telephone, laptop computer, and Google's servers involve the transportation of visual depictions of minors engaged in sexually explicit conduct and child pornography in interstate commerce.

g) Defendant acknowledges that, in addition to pornographic depictions of M.R. and A.F., he was in possession of child pornography depicting other minors.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

4

      d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)      the right to confront and cross-examine witnesses against the defendant;

      f)      the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

      g)      the right not to testify and to have that choice not used against the defendant.

6.      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentence that includes a term of imprisonment of 262 months, followed by a term of supervised release of ten (10) years, is the appropriate disposition of this case. The defendant further stipulates that he has reviewed the special conditions of supervised release for sex offenders pursuant to Eastern District of Tennessee Standing Order 15-06 with his counsel and agrees that, based upon the nature of the offenses and the defendant's history and characteristics, the defendant agrees to the imposition of Conditions SO-15-06(1), SO-15-06(2), SO-15-06(3), SO-15-06(4), SO-15-06(5), SO-15-06(6), SO-15-06(8), SO-15-06(9), SO-15-06(10), SO-15-06(11), SO-15-06(12), and SO-15-06(13) as part of his supervised release. Additionally, the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate.

7.      The defendant agrees to pay the special assessments in this case prior to sentencing.

8.      Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the

5

defendant's nominees that were used or intended to be used to commit or to promote the commission of the offenses set forth in the Indictment in this case, and/or any and all assets and property, or portions thereof, constituting or traceable to gross profits or other proceeds of the offenses which are in the possession or control of the defendant or the defendant's nominees. This specifically includes, but is not limited to the following items:

a) Alienware laptop computer, S/N 10755835022, and charger;
b) Two purple Roku USB sticks;
c) 1 PNY 4GB SD card;
d) Samsung Galaxy S6 cellular phone, IMEI 357746066261873;
e) Samsung J7 cellular telephone;
f) Micro camera with antenna and Sandisk 32GB SD card;
g) Sandisk 2GB SD card; and
h) FujiFilm 64MB SD card.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offenses.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's convictions or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

b) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the

8

defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

June 12, 2019
Date

By: _____
Matthew T. Morris
Assistant United States Attorney

6-11-19
Date

_____
George Robert Everhart
Defendant

6-11-19
Date

_____
T. Scott Jones
Attorney for the Defendant

10