THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                      CASE NO: 3:18-CR-78

GEORGE ROBERT EVERHART,

        Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, GEORGE R. EVERHART, through counsel, respectfully files the following sentencing memorandum to aid the Court's review of the Rule 11(c)(1)(C) Plea Agreement reached by the parties. For the reasons set forth below, Mr. Everhart respectfully submits that a sentence of 262 months (over 21 years) in prison is more than adequate to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Everhart thus urges the Court to impose the sentence set forth in the Plea Agreement.

## FACTS

The essential facts related to sentencing (with certain exceptions discussed in Doc. 116) are contained in the Presentence Investigation Report (PSIR) (Doc. 111). Mr. Everhart was arrested on June 21, 2018 and has been in continuous federal custody since that time. Mr. Everhart has entered a guilty plea for an agreed sentence and has demonstrated acceptance of responsibility for the offense and assisted authorities in the investigation or prosecution of the misconduct by timely notifying authorities of his intention to enter a plea of guilty.

The parties agree that an sentence of 262 months of incarceration (almost 22 years) is appropriate in this case. Prior to the present offense, Mr. Everhart's criminal history consisted of a single misdemeanor charge that was dismissed. (Doc. 111). The parties agree that there is no other criminal conduct by Mr. Everhart and that his total criminal history score is zero, giving him a criminal history category of I. *Id*.

Mr. Everhart was born on August 19, 1988 in Knoxville, Tennessee. His parents were both well-respected law enforcement officers prior to their retirement. Although Mr. Everhart enjoyed a loving relationship with his parents, his childhood was marked by trauma as he was molested by his sister between the ages of 8 and 13 years old. (Doc. 111).

Mr. Everhart is not in poor health and although he does not evince a substance abuse problem, he would likely benefit from counseling and programs to help him cope with the trauma of being a survivor of sexual abuse.

Mr. Everhart bettered himself through education, graduating from high school and from the law enforcement academy at Walter's State. Id. Although he changed jobs with some frequency, Mr. Everhart maintained consistent and gainful employment. Id.

**LEGAL STANDARD**

It is by now axiomatic that while the court is required to consider the Sentencing Guidelines in sentencing a defendant, it is not bound by them. *United States v. Booker*, 543 U.S. 220, 264 (2005); *Rita v. United States*, 551 U.S. 338, 351 (2007) (a district court should begin sentencing proceedings by carefully calculating the applicable Guidelines range); *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of

administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Thus, while the Guidelines are the starting point, the court "must consider all factors set forth in [18 U.S.C.] § 3553(a) to guide its discretion at sentencing." *Peugh v. United States*, 569 U.S. 530, 536 (2013). Indeed, "[a] district court commits a significant and reversible procedural error by `failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Gapinski*, 561 F.3d 467, 473 (6th Cir. 2009), quoting *Gall*, 552 U.S. at 51.

The Supreme Court has held that "[t]he Guidelines are not only not mandatory on sentencing courts, they are also not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009); see also *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Accordingly, the court must make an "*independent determination* of what sentence is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a) — taking into account the advisory Guidelines range, the relevant § 3553(a) factors, and any other non frivolous arguments presented in support of a particular sentence." *U.S. v. Wilms*, 495 F. 3d 277, 282 (6th Cir. 2007) (emphasis in the original). The parties agree that a sentence of 262 months is appropriate and Mr. Everhart urges the court to ratify the parties' agreement.

**ARGUMENT**

As noted above, the federal sentencing statute requires that the court tailor an individualized sentence that is "sufficient but not greater than necessary" to comply with

3

the purposes of 18 U.S.C. § 3553(a) and that the court consider the relevant § 3553(a) factors in determining the sentence to be imposed.

As explained in Mr. Everhart's Objections to the PSIR (Doc. 116), Mr. Everhart may have made unfortunate statements over the jail phone to his parents, but these statements were the ephemera of the moment and not reflective of Mr. Everhart's true feelings or intentions. (Doc. 116). Mr. Everhart has accepted responsibility by agreeing to a sentence in excess of 21 years and giving up substantial Fourth Amendment issues. Additionally, the Supreme Court has held that a defendant's privilege against self incrimination[1] is not waived by the entry of a plea or the plea colloquy and that the court may not draw an adverse inference from the defendant's failure to admit to the offense. *Mitchell v. United States*, 526 US 314 (1999).

Prior to this offense, Mr. Everhart had only a single misdemeanor criminal charge for reckless driving, which was dismissed. (Doc. 111). Mr. Everhart pursued an education and maintained consistent and productive employment. He was a loving son to his parents. As a survivor of sexual abuse, Mr. Everhart will benefit from the programs and counseling available through the Bureau of Prisons. While Mr. Everhart has fully acknowledged his wrongful conduct and comes before the Court to accept the consequences, the circumstances described above warrant the Court's consideration. Because of the length of the sentence, his employment history, lack of criminal history, family ties and the fact he will receive mental health treatment while in prison, the agreed

---

[1] It would be counsel's practice to advise Mr. Everhart to stipulate to a factual basis for the offense, but not to admit to it, given that the court could theoretically reject the plea, which would put Mr. Everhart in the position of going to trial.

4

sentence is sufficient but not greater than necessary to comply with the purposes of the Act.

## CONCLUSION

Recognizing the damage to the victims and having made serious and aberrant errors in judgment, in the conduct of his life and most seriously in his treatment of others, for which he seeks to atone, Mr. Everhart recognized it was consistent with the values by which he has tried to lead his life to take responsibility for his actions and to enter a plea of guilty to try to set things right. For the reasons set forth above, we respectfully request that the Court accept the parties' agreement.

Respectfully submitted this the 21st day of January, 2020.

/s/ T. Scott Jones
T. Scott Jones
BANKS & JONES
2125 Middlebrook Pike
Knoxville, TN 37921
865-546-2141

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, T. Scott Jones, counsel for Defendant hereby certify that on January 21, 2020, I served a copy of the foregoing pleading or document through CM/ECF which will serve all counsel of record.

Respectfully submitted,

/s/T. Scott Jones